# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5468 | **DATE** | 5/28/2004 |
| **CASE TITLE** | Kolovitz vs. Brokers Title Insurance | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Default Judgment is entered against Defendant and in favor of Plaintiff Lisa Kolovitz in the amount of $79,451.80 and $204,615.59 in favor of Plaintiff Marla Kolovitz; judgment for attorneys' fees and costs is also entered in favor of Plaintiffs and against Defendant in the amount of $12,901.45. *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | 2 number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 0 1 2004 date docketed | 17 |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | FT/*recy* courtroom deputy's initials | 5/28/2004 date mailed notice | |
| | | Date/time received in central Clerk's Office | FT mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA KOLOVITZ and<br>MARLA KOLOVITZ,<br><br>    Plaintiffs,<br><br>v.<br><br>BROKERS TITLE INSURANCE<br>COMPANY,<br><br>    Defendant. | **DOCKETED**<br>JUN - 1 2004<br><br>Case No. 03 C 5468<br><br>Magistrate Judge<br>Arlander Keys |

MEMORANDUM OPINION AND ORDER

Plaintiffs, Lisa Kolovitz and Marla Kolovitz, brought this Title VII action against defendant, Brokers Title Insurance Company. After defendant failed to defend the lawsuit, the court entered a default judgment in plaintiffs' favor. The case is now before the court to determine plaintiffs' damages, and enter judgment against defendant.

DISCUSSION

Before addressing damages, the court will review the procedural history that led to the entry of default against defendant. On August 6, 2003, plaintiffs filed their complaint, and defendant timely answered. The parties consented to this court, and, on November 11, 2003, appeared for an initial status.

Before the next scheduled status, defendant's counsel, Michael Best & Friedrich, moved to withdraw. On January 9, 2004, all parties appeared, and the court granted defendant's counsel leave to withdraw. The court ordered defendant to secure new counsel by February 9, 2004, and to appear on February 11 for a status hearing. Defendant's counsel represented that he would convey this information to defendant.

Defendant did not appear at the February 11th status hearing. The court continued the case to February 18, 2004, but explained that the court would entertain a motion for default if defendant continued to disregard the court's orders.

Despite the warning, defendant failed to appear at the February 18th status hearing. Plaintiff made an oral motion for default, which the court granted, and the court scheduled a prove-up hearing for April 5, 2004. This gave defendant almost two months to rejoin the litigation. But defendant remained silent.

Before the prove-up hearing, plaintiffs sought out and served defendant's president, Roger Zamparo, with affidavits detailing their damages and attorney's fees. Even this failed to rouse defendant.

On April 5, 2004, plaintiffs appeared for the scheduled prove-up hearing, and, once again, defendant was no where to be found. But rather than enter judgment, the court decided to give

defendant one last chance. So, on April 22, 2004, the court, *sua sponte*, sent an order directly to defendant's president, Mr. Zamparo, detailing defendant's total failure to defend this case. The order indicated that, unless defendant filed some response by April 30, 2004, the court intended to accept plaintiffs' affidavits as to their damages, fees, and costs. To this date, defendant has filed nothing.

1. Default

This court has the inherent power to impose default as a sanction where a litigant interferes with the efficient administration of justice. *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). This includes a failure to defend. *Philips Medical Systems International B.V. v. Bruetman*, 8 F.3d 600, 602 (7th Cir. 1993). Defendant's continuing disregard for the litigation or for the procedures of the court, is precisely the sort of abuse which warrants entry of default. *See Operating Engineers Local 139 Health Benefit Fund v. Rawson Plumbing, Inc.*, 130 F.Supp.2d 1022, 1024 (N.D.Ill. 2001)("There is ample authority that default and default judgment may be entered against a corporation for continued noncompliance with a court's order to appear by counsel.").

There can be no dispute that defendant was afforded notice and an opportunity to respond, before default was entered. The court issued orders on January 9, February 11, February 18, April

3

5, and April 22 - all of which sought defendant's participation. Given the several opportunities defendant had to respond, as well as adequate notice of these opportunities, the entry of default was appropriate. *See Davis*, 321 F.3d at 646 (7th Cir. 2003)(due process is satisfied when defendant is given notice and an opportunity to respond); *see also C.K.S. Eng'rs, Inc. v. White Mountain Gypsum, Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) ("Where it appears that the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court, this circuit has repeatedly upheld the trial court's [decision to default the absent party."]).

It is true that defendant initially appeared and participated. But defendant's subsequent inattentiveness, despite repeated warnings, left the court with no option short of default. *See Marshall v. Boyd*, 658 F.2d 552, 554 (8th Cir. 1981)("Ordinarily, a default judgment against a party who has appeared should not be entered unless the party has been put on notice that failure to act in a certain manner may subject him to sanction.").

2. Liability

A default judgment establishes, as a matter of law, that defendant is liable to plaintiffs as to each well-pleaded cause of action alleged in the complaint, unless the court determines

4

that a hearing on the truth of any allegation is necessary. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Plaintiffs' complaint brings two claims against defendant: sexual harassment (Count I), and retaliation (Count II). Plaintiffs base their claims on the following facts.

Plaintiffs, Lisa Kolovitz and Marla Kolovitz, are sisters, and both worked for defendant. Marla Kolovitz began in May of 2000, and Lisa Kolovitz began in March of 2002. In May 2002, defendant transferred plaintiffs to a new branch office, with Marla Kolovitz as supervisor, and Lisa Kolovitz as her assistant. On September 20, 2002, Marla Kolovitz called in absent. To replace her, defendant sent one of its vice presidents, Matt Bohanek. Lisa Kolovitz claims that, throughout the day, Mr. Bohanek carried on vulgar, and public, conversations about his sexual exploits. After leaving work, Lisa Kolovitz reported Mr. Bohanek's behavior to her supervisor, Marla Kolovitz. The following week, Marla Kolovitz conveyed the complaint to defendant's president, Roger Zamparo. Mr. Zamparo assured her that he would handle the situation.

A week later, on October 4, 2002, Mr. Zamparo arrived at plaintiffs' office with Mr. Bohanek, the individual accused of sexual harassment. But rather that address plaintiffs' complaint, Mr. Bohanek fired Lisa Kolovitz. Later that same day,

Mr. Zamparo fired Marla Kolvitz. Neither Lisa nor Marla were offered a reason for their termination other than that it "wasn't working out." Based on the above sequence of events, Lisa Kolovitz claims that Mr. Bohanek's inappropriate behavior created a hostile work environment that violated her right to be free from sexual harassment in the workplace. Plaintiffs also claim that defendant unlawfully terminated their employment for opposing discrimination.

The court cannot say that these allegations are not well-pleaded, that they are incapable of proof, or that they are unsupported by or in conflict with the exhibits tendered in support of the claims. The plaintiffs are, therefore, entitled to judgment, as a matter of law, on Counts I (sexual harassment) and II (retaliation) of their complaint.

3. Damages

Although, upon default, the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). Rather, the prevailing party is generally required to prove damages through testimony and documentary evidence. *See* Fed.R.Civ.P. 55(b)(2)("the court may conduct [a] hearing . . . as it deems necessary and proper" to determine the amount of damages.").

Here, the court scheduled a separate prove-up hearing

following entry of the default, and duly notified defendant. Plaintiffs then served defendant with sworn statements and supporting documentation, detailing their damages and attorney's fees. Defendant failed to appear at the scheduled prove-up hearing. The court accepted plaintiffs' submissions describing their damages and attorney's fees, but declined to enter a money judgment, giving defendant a final opportunity to be heard. To this date, defendant has not raised a single objection to plaintiffs' requested damages and fees.

    a.  Lisa Kolovitz

Lisa Kolovitz requests $64,451.80 in back pay, and submits an affidavit and federal tax forms, to document her income during her employment with defendant, and up to the present day. This evidence is sufficient, and the court will, therefore, enter judgment against defendant in this amount. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 865 ("the district court has broad equitable discretion to fashion back pay awards to make the Title VII victim whole.").[1]

Lisa Kolovitz also requests $50,000.00 in punitive damages. Title VII authorizes punitive damages when a plaintiff demonstrates that the employer has engaged in intentional discrimination, with malice or with reckless indifference to the

---

[1] Defendant may indeed have valid objections to plaintiffs' calculations. But defendant has chosen not to participate in these proceedings, and, thus, waives any objection.

7

federally protected rights of an aggrieved individual. *David v. Caterpillar, Inc.*, 324 F.3d 851,865 (7th Cir. 2003). Lisa Kolovitz alleges that she was fired as a direct and proximate result of her complaining to her supervisor of sexual harassment in the workplace. To fire an employee for opposing unlawful employment practices is an intentional action taken in reckless disregard for the complaining employee's right to be free from discrimination. Accordingly, defendant's conduct warrants an award of punitive damages. But an award of $50,000 seems in excess of what is required. The court will, therefore, reduce the requested amount to $15,000. This figure represents an appropriate assessment of defendant's blameworthiness.

    b. Marla Kolovitz

Marla Kolovitz requests $179,615.59 in back pay, and submits an affidavit and federal tax forms, to document her income during her employment with defendant, and up to the present day. This evidence is sufficient, and the court will, therefore, enter judgment against defendant in this amount. *See David v. Caterpillar, Inc.*, 324 F.3d at 865.

Marla Kolovitz also requests an additional $4,200 in backpay, which she claims represents the "value" of health insurance benefits lost as a result of her unlawful termination. To arrive at this figure, Ms. Kolovitz multiplied her monthly COBRA payments ($300), which she never actually paid, by the number of months (14) before she was able to secure alternate

8

group health insurance. This request is not appropriate. Although a victim of discrimination may be able to include the cost of insurance coverage in a backpay award, the victim must first demonstrate that she was unable to secure alternative coverage *and* incurred a medical expense. *Kossman v. Calumet County*, 800 F.2d 697, 703-04 (7th Cir. 1986), *overruled on other grounds*, *Coston v. Plitt Theatres, Inc.*, 860 F.2d 834, 835-36 (7th Cir. 1988). Ms. Kolovitz does not state whether she incurred a medical expense while uninsured. Nor does she explain why she was unable to secure alternative health insurance coverage. Without such evidence, any award for additional backpay is improper.

Lastly, Marla Kolovitz requests $50,000.00 in punitive damages. Marla Kolovitz alleges that defendant's president, Mr. Zamparo, fired her because she, as a supervisor, reported that one of his employees engaged in sexually harassing behavior. These allegations represent particularly egregious conduct, as it is precisely a supervisor's responsibility to report incidents of employee misconduct. Thus, the court finds that Mr. Zamparo's actions were both intentional and malicious to Ms. Kolovitz's federally protected right to oppose discriminatory employment practices. As such, Ms. Kolovitz is entitled to an award of punitive damages. But an award of $50,000 is in excess of what is required, and the court will, therefore, reduce the requested amount to $25,000. This figure is commensurate with the

particular harm that resulted from defendant's unlawful conduct.

   c.   Attorney's Fees

Finally, plaintiffs request $12,700.00 in attorney's fees and $201.45 in costs. In support, plaintiffs submit the affidavit of their counsel, Megan O'Malley, and a detailed billing statement, describing Ms. O'Malley's activities. Ms. O'Malley spent 63.5 hours prosecuting this action. The court has reviewed her descriptions, hours, and costs, and finds them reasonable and necessary. Regarding Ms. O'Malley's hourly rate, the court finds that her rate of $200 per hour is reasonable and customary in the relevant practice and community. Plaintiffs' petition for attorney's fees and costs is, therefore, granted in the requested amount. *See Dunning v. Simmons Airlines*, 62 F.3d 863, 872 (7th Cir. 1995)("A [Title VII] prevailing party should ordinarily recover attorney's fees absent special circumstances rendering such an award unjust.").

CONCLUSION

IT IS THEREFORE ORDERED that a default judgment enter against defendant, Brokers Title Insurance Company, in the amount of **$79,451.80** in favor of plaintiff Lisa Kolovitz, and **$204,615.59** in favor of plaintiff Marla Kolovitz. Judgement for attorney's fees and costs is also entered against defendant and in favor of plaintiffs in the amount of **$12,901.45**.

DATED:   May 28, 2004          ENTER:

                               *Arlander Keys*
                               ARLANDER KEYS
                               United Stats Magistrate Judge

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

Lisa Kolovitz etal.

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 03 C 5468

Brokers Title Insurance Company

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ☐ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that a default judgment enter against defendant, Brokers Title Insurance Company, in the amount of $79,451.80 in favor of plaintiff Lisa Kolovitz, and $204,615.59 in favor of plaintiff Marla Kolovitz. Judgment for attorney's fees and costs is also entered against defendant and in favor of plaintiffs in the amount of $12,901.45.

Michael W. Dobbins, Clerk of Court

Date: 5/28/2004

Alicia Castillo, Deputy Clerk